CLIFTON, Circuit Judge,
dissenting in part:
I respectfully dissent, in part. I conclude that Plaintiff Wanda Sell is not entitled to coverage under the insurance policy in question, issued by Defendant Nationwide Mutual Insurance Company, and thus I would affirm the judgment of the district court in full.
Sell should not be entitled to coverage under the “personal injury” provision. The relevant language provides coverage for claims of personal injury resulting from “[t]he wrongful eviction from, wrongful entry into, or invasion of the right of private occupation of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor.”
There was simply no “eviction,” “entry,” or “invasion” (wrongful or not) into “the right of private occupation of a room, dwelling or premises that a person occupies” here, or any claim that such an event occurred. The person whose space was allegedly invaded was Rigoberto Ocegue-da, and there was no evidence or basis to infer that he ever physically occupied the ranch or any part of it, as the majority acknowledges, at 741-42.
But, the majority reasons, the policy language might be sufficiently ambiguous to provide coverage against a “right of occupation” even if that right never involved actual occupancy. That strikes me as an excessively tortured construction of the language, simply inconsistent with “eviction,” “entry,” “invasion,” or “that a person occupies.” A claim that language is ambiguous does not prove that it is.
The majority’s reading appears to rest entirely upon the decision in Hobbs Realty & Constr. Co. v. Scottsdale Ins. Co., 168 N.C.App. 285, 593 S.E.2d 103, 107 (2004) (“[T]he phrase ‘invasion of the right of private occupancy of a room, dwelling or premises that a person occupies’ have generally distinguished between plaintiffs who own or rent a property, and those who are merely prospective tenants, but have not entered into a contract, signed a lease, or otherwise obtained possessory rights to the subject property. We ... conclude that the proper inquiry is not whether a party has physically assumed control of the property, but whether he has obtained a legally enforceable right to do so.”) I am not persuaded that a California court would reach the same conclusion.
My doubt is especially strong in the circumstances here, for the facts of Hobbs Realty were unlike the facts in our case. At issue in that case was a claim by a tenant who had entered into a lease to possession of premises. The North Carolina court emphasized that “[t]he parties cite no cases, and we have found none, in which the underlying plaintiffs allege tor-tious behavior occurring after obtaining a possessory right to the subject property, but before plaintiffs have physically moved in.” Id. at 108. Hobbs Realty quoted United States v. Security Mgmt. Co., 96 F.3d 260, 265 (7th Cir.1996), that “a reasonable insured would read the language as excluding cases where the aggrieved individual was not possessed of an existing right of private occupancy.”
Ocegueda “was not possessed of an existing right of private occupancy,” so the policy language should be read to exclude his claim. Ocegueda did not allege he had an existing possessory right to the property that Sell had “invaded,” causing him *745 some personal injury. Rather, he contended that Sell herself was not entitled to possession of the property because she had not satisfied the conditions established under the trust. As stated in his petition to the state court, Ocegueda sought an order from the court “to compel the Trustee to provide him with possession and control of the ranch and allow him to occupy it,” as the successor beneficiary. His claim of the right to occupy the property depended upon the court concluding that Sell had not satisfied the conditions of the trust. It was the basis for Sell’s entitlement to possession of the property, not his, that was put in dispute by Ocegueda’s petition. That is not a claim properly covered by the language of the policy or by the distinction emphasized by the court in Hobbs Realty.
More broadly, in interpreting an insurance policy, the “fundamental goal is to give effect to the mutual intention of the parties.” Martin Marietta v. Insurance Co. of North America, 40 Cal.App.4th 1113, 47 Cal.Rptr.2d 670, 675 (1995). The rule that we construe ambiguity against the insurer as the drafter of the policy protects “the objectively reasonable expectations of the insured.” Id. The insurance policy here was not a title policy, and Sell did not insure herself against her own failure to satisfy the conditions to her rights under the trust. I do not believe that either “the mutual intention of the parties” or “the objectively reasonable expectations of the insured” support coverage under a “farmowner’s” policy against a claim that the insured did not, in fact, own the farm.
I would affirm.